The parties were divorced in 2008. They share joint legal custody of their four children, with the mother having primary physical custody and the father having rights of visitation. Following a multiple day trial on cross complaints for contempt,[2] a Probate and Family Court judge entered a consolidated judgment that limited visitation in one particular manner that the father challenges on appeal. We affirm.
Background. The father has a long-term, live-in girl friend named Joelle Gomes (to whom the father refers as his fiancée). On April 21, 2014, there was an incident between Gomes and the parties' oldest daughter. As the judge found, by the time the police responded, "[e]veryone was calm and cooperative," and the police "concluded that it was a domestic argument, but no crime had been committed." The children did not report to the police at that time that Gomes had kicked or hit any of them. However, three days later, one of the children reported to her therapist that she saw "Gomes[ ] kick [the oldest daughter] multiple times" during the incident. After the Department of Children and Families received a report from the therapist of abuse or neglect pursuant to G. L. c. 119, § 51A, it opened an investigation and concluded that the report was supported.
A guardian ad litem appointed by the court "testified that the children [whom she found 'very credible'] raised concerns about [Gomes's] possible drug abuse, noting that she 'nods' off on occasion." On April 21, 2014-that is, the same day as the incident between Gomes and the parties' oldest daughter-Gomes was arrested for possession of narcotics after Suboxone was found in her car. According to the father, the charges were dropped after a friend of his came forward and claimed that the Suboxone was his.[3]
Once the judge learned of the April 21, 2014, incident, he issued a temporary order barring Gomes from having contact with the children, and that order remained in effect during the pendency of the proceedings. Then, "[a]fter carefully considering all of the evidence [presented at trial, the judge found] that there [was] sufficient credible evidence to support [the] [m]other's argument that the children should not be in the presence of [Gomes,] at least until [she] receives anger management counsel, and is able to prove through a drug test that she is not abusing narcotics." The judge therefore made the temporary order permanent until Gomes satisfied those conditions. The judgment provided Gomes a detailed road map of what she needed to do before she would be allowed to spend time with the children.[4] The father appealed, arguing that the trial judge erred in prohibiting his fiancée from spending time with the children until she complies with the conditions in the judgment.
Discussion. After a bench trial, we accept the trial judge's findings of fact absent clear error. Mason v. Coleman, 447 Mass. 177, 186 (2006). No such error has been shown here. The trial evidence substantiated the concerns that the judge found with regard to Gomes's volatility and potential substance abuse.[5] In light of those concerns, the judged acted well within his considerable discretion in limiting Gomes's contact with the children until she addressed these issues.[6] See Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015) ("[I]n reviewing the ultimate determination on custody and visitation, we consider whether there was an abuse of discretion in how the judge accounted for the child[ren]'s best interests"). In short, the judge had ample justification to modify the visitation provisions in the limited manner that he did.[7]
Consolidated judgment affirmed.

The mother initiated the current round of litigation by filing a complaint for modification (since withdrawn) that had sought to remove the children to California. The father filed a contempt action alleging that the mother was interfering with his visitation rights, and the mother filed a contempt action regarding unpaid child support and related issues.

The friend testified at trial to the same effect.

The judgment stated in pertinent part as follows:
"Gomes shall not be in the presence of the children until she completes anger management counseling recommended by the [p]robation [d]epartment of the [c]ourt and until she submits to, and passes, a five panel hair drug test at the Franey Medical Laboratories in Mashpee, Massachusetts. [Gomes] shall contact the [p]robation [d]epartment of the [c]ourt immediately upon [the] [f]ather's receipt of this [j]udgment to enroll in anger management counseling. When she has completed said counseling and has submitted the results of a 'clean' hair test to the [p]robation [d]epartment then she may be present during [the] [f]ather's parenting time with the children."

It bears noting that in order to be concerned about Gomes's volatility and potential substance abuse, the judge need not have accepted the allegations about Gomes's conduct in full. Thus, there was cause for the judge to be concerned about Gomes's comportment with the children regardless of whether he accepted as true the allegations that Gomes repeatedly kicked the parties' oldest daughter during the August 21, 2014, incident.

Nor do we discern any procedural error in the judge's addressing his concerns in the case's current posture. Although it appears that the mother's concerns about Gomes were not expressly raised by the pleadings, they were tried with the implied consent of the parties. See Mass.R.Dom.Rel.P. 15(b) ; National Med. Care, Inc. v. Zigelbaum, 18 Mass. App. Ct. 570, 578-579 (1984) ("[I]f the issue is tried by the ... implied consent of the parties and there is no prejudicial surprise, it is treated as if it had been raised in the pleadings without regard to whether the pleadings are amended to conform to the evidence"). We are unpersuaded by the father's suggestion that the judge could not consider the testimony or report of the guardian ad litem on the ground that her appointment was to investigate the children's best interests with regard to the mother's request to remove them to California.

"To the extent we do not discuss other arguments made by [the father] ..., they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Rev. v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting from Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).